UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**DUNCAN E. HICKS**           **CIVIL ACTION NO. 3:11-cv-0125**
   **LA. DOC #402402**
**VS.**                       **SECTION P**

                              **JUDGE ROBERT G. JAMES**

**TIM WILKINSON, WARDEN**     **MAGISTRATE JUDGE KAREN L. HAYES**

REPORT AND RECOMMENDATION

*Pro se* petitioner Duncan E. Hicks filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on January 20, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Correctional Center, Winnfield, Louisiana. Petitioner attacks his 1998 armed robbery conviction and the hard labor sentence imposed in December 2008 by the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Background*

Petitioner was arrested and charged with armed robbery of the Central Bank in Monroe on October 3, 1997. Sometime in September 1998 petitioner pled guilty pursuant to a plea agreement which set a sentencing cap of 20 years and provided for a recommendation of leniency conditioned upon petitioner's cooperation with the police and the Federal Bureau of Investigation regarding the prosecution of his co-defendants. A pre-sentence investigation was ordered and sentencing was scheduled for February 9, 1999.

However, on January 19, 1999, petitioner escaped from jail. He fled Louisiana and was

arrested on January 27, 1999, in Nashville, Tennessee, following another bank robbery in that city. Petitioner was charged in federal court with aiding and abetting armed bank robbery and using a firearm during a crime of violence. On July 13, 1999, petitioner pled guilty to those charges in the United States District Court for the Middle District of Tennessee. Consecutive sentences of 46 and 84 months were imposed on December 1, 1999. *United States of America v. Duncan Edward Hicks*, No. 3:99-cr-00016 (M.D. Tenn.). Petitioner did not appeal or collaterally attack these convictions and sentences.

Petitioner served his federal sentence in the custody of the Bureau of Prisons. Sometime in October 2008 he completed his federal sentence and was transported back to Louisiana. On December 10, 2008, a sentencing proceeding was convened; counsel for the petitioner objected to the imposition of sentence based on untimeliness. The objection was overruled and petitioner was ordered to serve ten years at hard labor with credit for time served from the date of his arrest until the date of his escape. The charge of simple escape which had been lodged against petitioner was dismissed. [Doc. #1-3, pp. 18-19] On January 6, 2009, petitioner filed a motion to reconsider and a motion to quash the sentence; a supplemental motion was filed on January 30, 2009. Petitioner argued that the delay in sentencing caused him injury, was unjustified, unreasonable, and unconstitutional. On May 21, 2009, a hearing on petitioner's motion was convened and denied. [See Statement of the Case and Action of the Trial Court, Petitioner's Brief on Appeal, at Doc. #1-3, pp. 5-7]

Counsel was appointed and petitioner appealed to the Second Circuit Court of Appeals arguing two Assignments of Error –

(1) "The lengthy delay in sentencing is unreasonable, unjustified, and unconstitutional.

(2) The Trial Court erred by imposing an excessive sentence..." [Doc. #1-3, p. 7]

2

On appeal, petitioner argued that he was "statutorily entitled to the imposition of sentence without unreasonable delay..." as provided by La. C.Cr. P. art. 874 as interpreted by Louisiana jurisprudence.

Other than a fleeting reference to Fourteenth Amendment,[1] petitioner cited only Louisiana law and jurisprudence in support of his first assignment of error. According to petitioner's appeal brief, petitioner "... made early attempts to have these proceedings in Ouachita Parish disposed of..." [*Id.*] Apparently, these attempts consisted of letters written to the Court or the Clerk of Court in May 2004 and April 2005. [*Id.*, pp. 9-10] It does not appear from the appellate brief and other exhibits submitted by the petitioner that he filed any motions or other pleadings in the Louisiana courts seeking to enforce his right to a "speedy sentencing." The available evidence also establishes that he did not seek to enforce his "speedy sentencing" right in federal court.

With regard to the prejudice suffered by petitioner, counsel argued that the detainer placed by Ouachita Parish made petitioner ineligible for community confinement and precluded his eligibility for parole from federal prison to a half-way house and interfered with his ability to participate in "other programs at federal facilities, such as drug abuse..." Petitioner also argued, "It is also possible that Mr. Hicks would have received a concurrent prison sentence in the federal system." He also argued that "... witnesses that could have explained more factors in mitigation of sentence were no longer available. Finally, petitioner claimed that the "unreasonable delay in sentencing" resulted in the divestiture of the trial court's jurisdiction to sentence the defendant." He argued that he was entitled to discharge from custody. " [*Id.*, pp. 10-11]

---

[1] Petitioner argued, "Principles of fundamental fairness dictated by the due process clause of the Fourteenth Amendment to the United States Constitution prohibit inordinate delays in post-conviction proceedings such as the imposition of sentence when the delays prejudice the defendant." [Doc. #1-3, p. 7]

3

On January 27, 2010 the Second Circuit Court of Appeals affirmed petitioner's conviction and sentence. That Court recited the relevant facts of the case as follows:

> Soon after his escape, the defendant was involved in another bank robbery and arrested in Nashville, Tennessee on January 27, 1999. He was subsequently sentenced to 10 years in federal prison. The Ouachita Parish Sheriff's Office received detainer action letters from the Federal Bureau of Prisons on May 8, 2000, May 21, 2003, and June 2, 2003, stating where the defendant was being housed and his projected release date. The defendant wrote to the Fourth Judicial District Court in May 2004, complaining of 'insufficient counseling' and requesting appointment of a public defender.
>
> He wrote again in April 2005, making the same request and advising that he was trying to get concurrent sentences. A response in May 2005, from Judge Benjamin Jones informed the defendant that his information was being provided to the district attorney.
>
> No action was taken to sentence the defendant until his release from federal prison in October 2008, when he was transferred to Louisiana. Sentencing occurred on December 10, 2008. The district court imposed a sentence of 10 years at hard labor without the benefits of probation, parole, or suspension of sentence. The defendant was given credit for time served prior to his escape, and the state did not pursue the escape charge.

*State of Louisiana v. Duncan Hicks*, 45,001 (La. App. 2 Cir. 1/27/2010), 30 So.3d 1081, 1082-83.

In rejecting petitioner's argument concerning the delay in sentencing, the Court observed,

> The defendant argues that the delay in sentencing was unreasonable, unjustified and prejudicial considering that he was available for sentencing from the date of his arrest in Tennessee on January 27, 1999. He asserts that he did not conceal his whereabouts and even wrote to Ouachita Parish officials to seek disposition of his case. He also claims that he was prejudiced by the detainer placed on him by the state, which caused him to be ineligible for community confinement while in federal prison and to be deprived of having his federal and state sentences run concurrently.
>
> La. C. Cr. P. art. 874 states:
>
>> Sentences shall be imposed without unreasonable delay. If a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the appellate court.
>
> Even when a delay in sentencing may be unreasonable, the defendant is not entitled to have his conviction and sentence set aside unless he has been prejudiced by the

4

delay. La. C. Cr. P. art. 921; *State v. Johnson*, 363 So.2d 458 (La.1978); *City of Winnfield v. Weems*, 545 So.2d 717 (La.App. 2d Cir.1989), *writ denied*, 551 So.2d 1319 (La.1989). The mere passage of time while a defendant is serving a subsequent sentence does not automatically render a delay unreasonable or prejudicial. *State v. Hancock*, 1999-293 (La.App. 3d Cir.11/24/99), 748 So.2d 549. Rather, the burden is on the defendant to prove he was prejudiced by the delay. *Id.*

In order to determine whether a delay was unreasonable or prejudicial, a flexible approach is used in which all the circumstances are evaluated on a case-by-case basis. *State v. Duncan*, 396 So.2d 297 (La.1981); *City of Baton Rouge v. Bourgeois*, 380 So.2d 63 (La.1980).

The record shows that the defendant pled guilty on September 25, 1998, but was not sentenced until December 10, 2008. The delay was in part caused by the defendant escaping from jail in Ouachita Parish and then committing another bank robbery and being arrested in Tennessee. However, the state had notice of his whereabouts possibly as early as his arrest in Tennessee on January 27, 1999, and certainly as early as May 2000, through a detainer action notice from the U.S. Bureau of Prisons. The defendant also wrote letters in May 2004, and April 2005, seeking appointment of counsel and sentencing. Yet no attempt was made by the state to initiate sentencing until the defendant's release from federal prison in 2008.

Even if we consider this delay of approximately 10 years, though partly the fault of the defendant, to be unreasonable on the facts of this matter, an unreasonable delay in sentencing does not justify reversal of the conviction and sentence unless the defendant was prejudiced by the delay. The defendant argues that he was prejudiced because the detainer placed on him, in lieu of bringing him back for sentencing, caused him to receive a higher security designation which made him ineligible for a community placement. In *Hancock, supra*, the Third Circuit concluded that the defendant was prejudiced by an eight-year delay in sentencing because the detainer placed against him while in federal prison prevented him from being eligible for parole to a halfway house. The defendant relies on *Hancock, supra*, and a letter from Candace Girouard, a federal employee with the Dallas Community Corrections Office, stating that her office 'will not place inmates in a Residential Re-entry Center if he/she has unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement.' The defendant also argues that he was prejudiced because he did not have the opportunity to have his federal and state sentences run concurrently.

Neither the defendant's evidence nor arguments about the potential prejudice that may have resulted from the delay in sentencing prove that he suffered any actual prejudice. The defendant offered no evidence of what his security designation would have been if he had been sentenced earlier on the armed robbery charge in Louisiana. There is no evidence that this defendant, an escapee found guilty of two armed robberies, would have been given a lower security designation in the absence of a

5

> detainer or if he had been sentenced sooner by the state. We are not persuaded to follow the third circuit's finding of prejudice in *Hancock, supra*.
>
> With regard to the possibility of concurrent sentences, this is merely conjecture by the defendant rather than proof of prejudice. While there may have been the possibility of having the federal and state sentences run concurrently, neither the federal court nor the state district court would have been required to order its sentence to run concurrently with the other. See 18 U.S.C. § 3584 and La. C. Cr. P. art. 883.1
>
> The defendant has not met the burden of proving that he was prejudiced by the delay of approximately 10 years between his plea and the sentencing. Thus, reversal of his conviction and sentence is not warranted.

*Hicks*, 30 So.3d at 1082-83.

On February 26, 2010, petitioner filed a *pro se* writ application in the Louisiana Supreme Court. In his writ application he argued, "The lengthy delay in sentencing is unreasonable, unjustified, and unconstitutional." Petitioner again claimed a violation of La. C.Cr.P. art. 874 as interpreted by the Louisiana jurisprudence, and again, he made only a fleeting reference to federal Constitutional law by arguing, "Principals of fundamental fairness dictated by the due process clause of the Fourteenth Amendment to the United States Constitution prohibit inordinate delays in post-conviction proceedings such as the imposition of sentence when the delays prejudice the defendant." [Doc. #1-3, pp. 33-39] Petitioner's writ application was denied without comment by the Louisiana Supreme Court on September 24, 2010. *State of Louisiana v. Duncan E. Hicks*, 2010-0459 (La. 9/24/10), 45 So.3d 1071.

Petitioner filed the instant petition for *habeas corpus* on January 20, 2011. He argues three interrelated claims for relief:

(1) "The State of Louisiana violated the petitioner's constitutional right to Due Process. With full knowledge of his whereabouts and unrestricted access to obtain him for sentencing, the State

neglected to employ any methods of obtaining the Petitioner for sentencing and ignored all of his requests for the final disposition of the case until after his federal sentence had expired. The 10-year delay disabled the petitioner from petitioning the federal court to run his state and federal sentences concurrently while he was still in federal custody and while the prescriptive period was still running.

(2) The State of Louisiana has denied the Petitioner his constitutional right to sentencing without unreasonable, purposeful, and oppressive delay. The petitioner asserted his right to speedy trial by requesting final disposition of the detainer lodged against him numerous times. The State of Louisiana neglected to obtain him for sentencing until a full 10 years after the institution of prosecution. The record does not reflect any justification for the delay or reason for ignoring the Petitioner's requests.

(3) The unreasonable and unjustified 10-year delay in sentencing has caused and subjected the petitioner to many prejudices. The 10-year delay in sentencing prevented the petitioner from: receiving concurrent sentences (mitigating factors show highly likely), enrolling in any educational/vocational courses programs, partaking in re-entry programs or be assigned to a half-way house, avoiding prejudicial sentencing process, and avoiding the prejudicial denial of his right to speedy sentencing." [Doc. 1, pp. 2-3]

*Law and Analysis*

*1. Rule 4 Considerations*

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." (See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the

power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory committee Notes.")

Petitioner's pleadings and exhibits establish that he is not entitled to relief and his *habeas* petition should therefore be dismissed with prejudice in accordance with Rule 4.

*2. Violations of State Law and the Exhaustion of State Court Remedies*

As shown above, petitioner made only vague and fleeting references to the violation of his right to fundamental fairness as secured by the Due Process clause of the Fourteenth Amendment when he presented his sentencing claims to the Court of Appeals and the Louisiana Supreme Court. The main thrust of his argument was that the delay in sentencing violated Louisiana law as codified in La. C.Cr.P. art. 874 and the jurisprudence which interprets that statute.

Before seeking federal *habeas corpus* relief, state prisoners must first exhaust available state court remedies, by fairly presenting their federal Constitutional claims to the state's courts thereby giving those courts an opportunity to pass upon and correct any Constitutional violations. 28 U.S.C. § 2254(b)(1). The prisoner must fairly present all of his claims in each appropriate state court, including the state supreme court with the power of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). *Habeas* petitions presenting unexhausted claims must ordinarily be dismissed. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights." *Wilder v. Cockrell*, 274 F.3d 235, 260 (5th Cir.2004). To have "fairly presented" the Supreme Court with his federal due process claims, the petitioner must have

8

reasonably alerted the Louisiana Supreme Court to the federal nature of his complaint. *Baldwin v. Reese*, 541 U.S. at 29-33, 124 S.Ct. at 1349-51; *Wilder v. Cockrell*, 274 F.3d at 260.

A claim is "fairly presented" to the state courts if there has been, for example, (1) reliance on pertinent federal cases employing relevant constitutional analysis, see *Gartrell v. Lynaugh*, 833 F.2d 527, 529 (5th Cir.1987); *Williams v. Lord*, 996 F.2d 1481, 1483 (2d Cir.1993); (2) assertion of the claim in terms sufficiently particular as to "call to mind" a specific right protected by the Constitution, see *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231-33 (3d Cir.1992); or (3) allegations of a pattern of facts that is well within the mainstream of constitutional litigation, *see United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 454 n. 8 (7th Cir.1984).

Petitioner has essentially repackaged that argument in his federal *habeas* proceeding, but again, argues no specific violation of the Constitution or laws of the United States. Indeed, he once again claims only, "Principles of fundamental fairness dictated by the due process clause of the Fourteenth Amendment of the United States Constitution prohibits inordinate delay in post-conviction proceedings such as the imposition of sentence." [Doc. #1-2, p. 4] Further, for the first time, petitioner argues that the delay in sentencing is in violation of his right to a "speedy trial." [Doc. #1-2, pp. 6-8] Of course, to the extent that he now presents a federal claim, since that claim was not properly presented to the Louisiana courts, state court remedies remain unexhausted and the petition is subject to dismissal on that basis.

To the extent that petitioner contends that his custody is in violation of Louisiana law – the claim he raised in the Louisiana courts – such claim must be dismissed. Federal *habeas* courts will not review a state court's interpretation of its own law in a *federal habeas* proceeding. *See Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir.1991); *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir.2000) (observing that federal *habeas* relief is reserved for the deprivation of rights that are secured by the

9

United States Constitutions or the laws of the United States).

In other words, this petition is subject to dismissal either because petitioner failed to exhaust state court remedies with respect to his federal claims or because he has raised on state law violations in his federal petition.

### 3. AEDPA Standards for Review

Assuming, however, for the sake of argument, that petitioner's federal *habeas corpus* claims have been properly exhausted, and, that petitioner has throughout alleged violations of the Constitution and laws of the United States with respect to his present custody, his claim fares no better.

Petitioner's delayed sentencing claim, whether asserted under state or federal law or both, was adjudicated on the merits. Since his petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal *habeas corpus* review of the instant petition is governed by the provisions of the AEDPA, specifically 28 U.S.C. § 2254(d)(1) and (2) which define the standard for review.

Under the AEDPA, *habeas* relief is not available to a state prisoner on a claim which was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1) and (2).

Questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), while pure questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th

Cir.2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001, 149 L.Ed.2d 1004 (2001). The state court's decision is contrary to federal law within the meaning of § 2254(d)(1) if the state court applies a rule contradicting the governing law set forth in the Supreme Court's cases, or the state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's factual findings constitute "an unreasonable application of clearly established" Supreme Court precedent if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. The inquiry into the issue of "unreasonableness" is objective. *Id.* at 409-10. A state court's <u>incorrect</u> application of clearly established Supreme Court precedent is not enough to warrant federal *habeas* relief – the application must also be <u>unreasonable</u>. *Id.* at 410-12 (emphasis supplied).

The state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1). In order to obtain *habeas* relief on the ground that the state court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the petitioner must rebut by clear and convincing evidence the presumption that the state court's factual findings are correct. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir.2000).

"[U]nder the deferential standard of AEDPA, [federal courts] review only the state court's decision, not its reasoning or written opinion, to determine whether it is contrary to or a misapplication of clearly established federal law." *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir.2002), citing *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.2002) (*en banc*). Finally, the phrase "clearly established Federal law, as determined by the Supreme Court," in the *habeas* statute, refers only to the holdings, as opposed to *dicta*, of the Supreme Court's decisions as of the time of the

11

relevant state court decision. *Williams* at 411-12, 120 S.Ct. 1495.

Petitioner contends that a violation of Due Process occurred with respect to the delay in sentencing. Petitioner has not cited, nor has the undersigned found, **ANY** United States Supreme Court cases squarely holding that the Due Process Clause of the Fourteenth Amendment guarantees a right to speedy sentencing. Other courts addressing this issue have likewise been unable to identify such a holding by the Supreme Court. Compare *Lewis v. Ducharme*, 9 Fed. Appx. 12 (9th Cir 2001) (unpublished) (Habeas corpus relief denied to applicant who alleged violations of the Sixth and Fourteenth Amendments with respect to a delayed sentencing claim because no Supreme Court cases squarely hold that the Sixth Amendment's right to a speedy trial or the Fourteenth Amendment's due process clause apply to delayed sentencing or appeals.)

The Supreme Court, has, in *dicta*, assumed for the sake of argument, that the Sixth Amendment's guarantee of a speedy trial may apply with regard to sentencing. In *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), the Supreme Court, in determining whether a sentence imposed on a petitioner was valid when imposed subsequent to judgment and an order of probation, stated that "[w]e will assume *arguendo* that sentence is part of the trial for purposes of the Sixth Amendment," and further stated that "[w]hether delay in completing a prosecution such as here occurred amounts to an unconstitutional deprivation of rights depends upon the circumstances (citations omitted). The delay must not be purposeful or oppressive." *Id.* at 486. However, as noted above, "clearly established Federal law" means the holding of the Court and not *dicta*.[2]

---

[2] The Fifth Circuit recognizes that the Sixth Amendment's right to Speedy Trial encompasses a right to a speedy sentence. *United States v. Howard*, 577 F.2d 269 (5th Cir.1978); *United States v. Abou-Kassem*, 78 F.3d 161, 167 (5th Cir.1996); *United States v. Peters*, 349 F.3d 842 (5th Cir. 2003). However, as noted, the issue has yet to be specifically

In other words, since petitioner cannot establish that the delay in sentencing violated "...clearly established Federal law, as determined by the Supreme Court of the United States..." he cannot demonstrate that the Louisiana Courts' decisions rejecting his claims were unreasonable.

### *4. Prejudice*

In any event, even if there exists a right to a speedy sentencing arising either under the Sixth Amendment's guarantee of a speedy trial, or notions of fundamental fairness arising under the Due Process clause, petitioner's claims must still be rejected.

When considering a speedy trial claim, a federal court considers four factors in determining whether the delay violated a defendant's rights: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the resulting prejudice to the defendant, if any. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These same factors are ulitized by the Fifth Circuit in analyzing sentencing claims. See *United States v. Howard*, 577 F.2d 269 (5th Cir.1978); *United States v. Abou-Kassem*, 78 F.3d 161, 167 (5th Cir.1996); *United States v. Peters*, 349 F.3d 842 (5th Cir. 2003).

Likewise, when considering a Due Process violation resulting from delay, federal courts typically require some showing of prejudice. Indeed, in those cases where a defendant has alleged delay by the government with regard to the formal institution of prosecution, Courts have generally looked to the Due Process clause but note that due process plays only a "limited role ... in protecting against oppressive delay." *United States v. Lovasco*, 431 U.S. 783, 788-89, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). In such cases of pre-trial delay, courts "consider the reasons for the delay as well as the prejudice to the accused." *Id.* at 790. Thus, in the context of pre-trial delays, in order to

---

resolved by the Supreme Court

constitute a due process violation, a it must be established that the delay in question caused actual and "substantial prejudice to [the accused's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); accord *United States v. Crouch*, 84 F.3d 1497, 1510 (5th Cir.1996) (*en banc*). It is thus reasonable to conclude that a petitioner alleging a due process violation with regard to a delay in sentencing must also demonstrate prejudice.

In other words, whether petitioner's sentencing delay claim is analyzed under the Sixth or Fourteenth Amendment, in order to prevail, he must show that the delay experienced between conviction and sentence resulted in prejudice to him.

Petitioner claims that he was prejudiced because (a) the delay in sentencing prevented the petitioner from: receiving concurrent sentences (mitigating factors show highly likely), (b) enrolling in any educational/vocational courses programs, (c) partaking in re-entry programs or be assigned to a half-way house, (d) avoiding prejudicial sentencing process, and avoiding the prejudicial denial of his right to speedy sentencing. [Doc. 1, pp. 2-3] These claims are identical to the claims of prejudice argued on direct appeal in the Second Circuit and the Louisiana Supreme Court.

In those proceedings petitioner argued that the detainer placed by Ouachita Parish made petitioner ineligible for community confinement, precluded his eligibility for parole from federal prison to a half-way house, and interfered with his ability to participate in "other programs at federal facilities, such as drug abuse..." Petitioner also argued, "It is also possible that Mr. Hicks would have received a concurrent prison sentence in the federal system..." or that he would have received a lesser sentence in the Louisiana proceeding but did not because witnesses that could have explained more factors in mitigation of sentence were no longer available. [Doc. #1-3, pp. 10-11]

As shown above, the Court of Appeals rejected these claims as follows,

>Neither the defendant's evidence nor arguments about the potential prejudice that may have resulted from the delay in sentencing prove that he suffered any actual prejudice. The defendant offered no evidence of what his security designation would have been if he had been sentenced earlier on the armed robbery charge in Louisiana. There is no evidence that this defendant, an escapee found guilty of two armed robberies, would have been given a lower security designation in the absence of a detainer or if he had been sentenced sooner by the state. ...
>
>With regard to the possibility of concurrent sentences, this is merely conjecture by the defendant rather than proof of prejudice. While there may have been the possibility of having the federal and state sentences run concurrently, neither the federal court nor the state district court would have been required to order its sentence to run concurrently with the other. See 18 U.S.C. § 3584 and La. C. Cr. P. art. 883.1
>
>The defendant has not met the burden of proving that he was prejudiced by the delay of approximately 10 years between his plea and the sentencing. Thus, reversal of his conviction and sentence is not warranted.

*Hicks*, 30 So.3d at 1082-83.

Indeed, it is highly unlikely that the United States District Court in the Middle District of Tennessee would have ordered the federal sentences to run concurrently with any other sentences that had been or were yet to be imposed. After all, petitioner was convicted of two felonies arising out of the same conduct in the proceedings in Tennessee and yet, the United States District Judge ordered those sentences to run consecutively. *United States of America v. Duncan Edward Hicks*, No. 3:99-cr-00016 (M.D. Tenn.).

Further, had petitioner been sentenced on the Louisiana charges while he was serving his federal time, Louisiana's Department of Public Safety and Corrections would have undoubtedly issued a detainer with the BOP to ensure notification upon petitioner's release from federal custody. In other words, a detainer would have been in place regardless of whether petitioner had been sentenced on the Louisiana charges and his eligibility for half-way house placement or participation in various rehabilitation programs would have been impacted by that detainer as well.

Thus, even if petitioner has a Constitutionally guaranteed right to a speedy sentencing, whether by virtue of the Sixth or Fourteenth Amendments, he can only establish a violation of that right by demonstrating prejudice. The Second Circuit Court of Appeals determined that he failed to make such a showing and petitioner's federal pleadings do not demonstrate that the State court's finding was unreasonable.

*Conclusion and Recommendation*

Therefore, for all of the foregoing reasons,

**IT IS RECOMMENDED THAT** the instant Petition for Writ of *Habeas Corpus* be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a COA, an

appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a COA should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

    In Chambers at Monroe, Louisiana, February 14, 2011

                                                KAREN L. HAYES
                                               U. S. MAGISTRATE JUDGE